**CONSOLIDATED GRAIN AND BARGE COMPANY, a Missouri corporation, Appellee,**

v.

**John P. MADGETT, III; Appellant,**

**Wellspring Financial Services Corporation, a Minnesota corporation;**

**Wellspring Energy Corporation, a Minnesota corporation; Appellant.**

**Wellspring Corporation, a Minnesota corporation; Wellspring Offshore Services Corporation, a Louisiana corporation.**

No. 90–5342.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1991.

Decided March 26, 1991.

Rehearing and Rehearing En Banc Denied May 13, 1991.

Curtis Forslund, Minneapolis, Minn., for appellant.

Mark G. Arnold, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

John Madgett appeals from the district court's [1] order granting summary judgment for Consolidated Grain and Barge Co. (Consolidated) on his counterclaim for enforcement of a contract clause requiring the parties to "negotiate in good faith." The district court held the clause too indefinite to be enforceable, citing *Ohio Calculating, Inc. v. CPT Corp.*, 846 F.2d 497, 501 (8th Cir.1988). We affirm.

*Background*

Madgett and Consolidated each owned 50% of several companies involved in barge shipping on inland waterways. In 1982, Consolidated and Madgett were co-defendants in a class action suit brought by dissatisfied limited partners of one of the companies. In settlement of this suit, Consolidated and Madgett bought out the limited partners and reorganized the companies. As part of the reorganization, Consolidated obtained the right to profits from operation of the barges. The parties agreed that Madgett might be entitled to a share of those profits by virtue of his one-half interest in Wellspring Energy Corporation, the entity that procured the barge contracts that would be fulfilled by Consolidated after the reorganization. However, the parties could not agree on the amount of Madgett's share. Rather than hold up settlement of the class action, Madgett and Consolidated included the following stipulation in a letter agreement that resolved their other concerns:

> Consolidated has agreed that it will negotiate in good faith with Madgett concerning Madgett's share of any monies which Consolidated may· be entitled to receive under the barge charter arrangement between Hutton and Consolidated which is part of the proposed settlement of the [class action].

Madgett claims that Consolidated refused to negotiate or discuss the matter except in the context of an overall severance of its contractual relations with Madgett. Consolidated has committed itself to paying Madgett $20,000 per year during the term of the present barge charter, apparently reflecting Consolidated's determination of Madgett's share of the charter commission earned by Wellspring Energy Corporation.

Consolidated sued Madgett for, among other things, dissolution of the businesses the parties jointly owned. Madgett counterclaimed for enforcement of the negotiation stipulation. The district court decided only the counterclaim, as all other issues were settled. The district court found the clause unenforceable because "it is impossible to determine what Madgett's share ... should be, and it is likewise impossible to determine whether Consolidated negotiated in good faith." *Mem.Op. and Order* at 5.

*Discussion*

In *Ohio Calculating*, a diversity case, we determined that a similar clause would be held unenforceable under Minnesota law because it provided "neither a basis for determining the existence of a breach nor for giving an appropriate remedy." 846 F.2d at 501. Although it is unclear whether the contract at issue is governed by Missouri or Minnesota law, the district court found no difference between the law of the two states on this point. The parties do not dispute this finding.

We find *Ohio Calculating* directly on point and dispositive in holding that an

---

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

agreement to negotiate is unenforceable. *See also Jenks v. Jenks*, 385 S.W.2d 370, 376 (Mo.App.1964) (stating "since agreement cannot be compelled, equity will not indulge the futility of ordering the parties to 'meet together' to discuss 'in good faith' the very problem on which they have demonstrated their inability to agree"). The stipulation evidences nothing more than an intention to negotiate in the future.[2]

Madgett's main contention is that, unlike the plaintiff in *Ohio Calculating*, there is no question that Madgett is entitled to some share of the profits held by Consolidated. Thus, Madgett argues, failure to enforce the agreement will result in Consolidated's unjust enrichment. However, even assuming that Madgett is entitled to a portion of the profits, we still have no basis for determining how much. Madgett's several suggested remedies all suffer from the same basic flaw; they would require the court to determine the substance of the agreement. Because the parties deferred this issue to negotiation, there is no objective basis for determining Madgett's share of the profits.

The judgment of the district court granting summary judgment for Consolidated is AFFIRMED.

---

**2.** We decline to accept Madgett's invitation to apply federal labor law precedents to a state law contract case. Labor law cases are clearly distinguishable. In labor law, the court can impose negative sanctions or other penalties; the court is not under an obligation to decide what the parties might agree upon.